IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIE TRAYLOR, JR.                                                              PLAINTIFF

v.                                 Case No. 1:17-cv-1007

TRINITY RIVER ENERGY                                                        DEFENDANT

**ORDER**

Before the Court is Defendant Trinity River Energy's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim. (ECF No. 11). Plaintiff Willie Traylor, Jr. has not responded to the motion, and the time to do so has passed. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On January 23, 2017, Plaintiff filed this action regarding a 654.108 acre tract called the LCV RA SUG Unit ("the Property"), located in Quitman, Louisiana. Plaintiff alleges that his mother "had a working interest (owner) relationship" in the minerals and gas under the Property[1] with the entities who had drilling rights to the Property. Plaintiff states that his mother died in 2013, and that he discovered in January 2014 that he was an heir to his mother. Plaintiff states that Defendant received the drilling rights to the Property on March 1, 2015. Plaintiff alleges that Defendant "has systematically and discriminatorily refused and failed to pay Plaintiff the full royalties due and owing and without the consent of the new heir(s) of the wells/land." (ECF

---

[1] Specifically, Plaintiff states that his interest in the minerals and gas under the land at issue in this case is divided between two tracts of the Property: an 80.211 acre tract and a 21.392 acre tract.

No. 1). Plaintiff alleges further that Defendant denied him an opportunity to enter into negotiations, agreements, or contracts.

Plaintiff asserts multiple claims against Defendant, including denial of contract; fraud; conversion; breach of the implied covenant of good faith and fair dealing; discrimination; unjust enrichment; and a claim under the Texas Deceptive Trade Practices Act. Plaintiff also requests a declaratory judgment that Defendant acted contrary to law; asserts that he is entitled to a security interest and statutory lien in oil and gas production and in the identifiable proceeds of that production; and demands that an accounting take place regarding Defendant's monthly production volumes of gas and the royalty payments made to Plaintiff's mother.

On March 30, 2017, Defendant filed the instant motion, arguing that Plaintiff's case should be dismissed for lack of personal jurisdiction, or in the alternative, that Plaintiff's case should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff did not respond to the motion, and his time to respond expired on April 13, 2017.

On April 25, 2017, the Court entered a Show Cause Order, giving Plaintiff fourteen days to either show cause why he had not responded to Defendant's motion to dismiss, or to respond to the motion. (ECF No. 15). The Show Cause Order warned Plaintiff that failure to respond could result in the Court granting Defendant's motion and dismissing this case. As of the date of this Order, Plaintiff has not responded to Defendant's motion or otherwise responded to the Court's Show Cause Order.

## II. DISCUSSION

Defendant argues that the Court should dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over Defendant. Defendant argues in the alternative that the Court should dismiss Plaintiff's case pursuant to Rule

12(b)(6) because Plaintiff failed to state a claim upon which relief can be granted. Plaintiff offers no response to either argument. The Court will first examine Defendant's Rule 12(b)(2) argument, and if necessary, the Court will then take up Defendant's Rule 12(b)(6) argument.

**A. Personal Jurisdiction**

Defendant argues that the Court should dismiss Plaintiff's case pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Defendant.

Rule 12(b)(2) provides that a party may move to dismiss claims for lack of jurisdiction over the person. To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing of jurisdiction. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994). This *prima facie* showing must be tested, not by the complaint alone, but "by the affidavits and exhibits presented with the [motion to dismiss] and in opposition thereto." *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 260 (8th Cir. 1974). If a court does not hold a hearing on personal jurisdiction and instead bases its determination on the parties' written submissions, the court must view the facts in the light most favorable to the nonmoving party. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). When conclusory allegations in a complaint are contested and a plaintiff supplies no factual foundation, the complaint's conclusory allegations are insufficient to confer personal jurisdiction over a nonresident defendant. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004). While Plaintiff ultimately bears the burden of proof on the issue, personal jurisdiction does not have to be proven by a preponderance of the evidence until trial or an evidentiary hearing. *See Dakota Indus., Inc.*, 946 F.2d at 1387.

Defendant argues that there is no basis for personal jurisdiction in this case because it does not conduct any operations or business in Arkansas and has no place of business, mailing

address, bank accounts, personal property, or real property in Arkansas. Defendant argues further that there is no connection between Defendant and Arkansas, as the Property at issue is located in Louisiana.

A federal court sitting in diversity may assume jurisdiction over a nonresident defendant to the extent permitted by the forum state's long-arm statute. Arkansas's long-arm statute provides that: "[t]he courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B).

Accordingly, the question before the Court is whether exercising personal jurisdiction over Defendant is consistent with the due process clause of the Fourteenth Amendment. The Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant who has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant's conduct and connection with the state must be such that the defendant should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

There are two theories for evaluating minimum contacts: general jurisdiction and specific jurisdiction. *Dever*, 380 F.3d at 1073. Under the general-jurisdiction theory, the Court may hear this lawsuit against Defendant if Defendant has "continuous and systematic" contacts with Arkansas as to render it essentially at home in Arkansas, even if the injuries at issue in this lawsuit did not arise out of Defendant's activities directed at Arkansas. *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  In contrast, specific jurisdiction is viable if Defendant has purposely directed its activities at residents of the forum state, and when the litigation results from alleged injuries that arise out of or relate to those activities.  *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Both theories of personal jurisdiction require some act by which Defendant purposely availed itself of the privilege of conducting activities within Arkansas, thus invoking the benefits and protections of its laws.  *See Dever*, 380 F.3d at 1073 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  If the Court determines that Defendant has minimum contacts with Arkansas, it then may consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  *See id.* (quoting *Burger King Corp.*, 471 U.S. at 476).

The Eighth Circuit has instructed courts to consider the following factors when resolving a personal-jurisdiction inquiry, with significant weight given to the first three factors:  (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.  *Id.* at 1073-74.  The third factor is considered only in a specific-jurisdiction analysis.  *See Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008).  Moreover, the fourth and fifth factors relate to the Court's consideration of "traditional notions of fair play and substantial justice" in the due process analysis.  *See Lakin v. Prudential Services, Inc.*, 348 F.3d 704, 712 (8th Cir. 2003).

The Court will first determine whether it has general personal jurisdiction over Defendant, and if not, the Court will then determine whether it has specific personal jurisdiction over Defendant.

### 1. General Jurisdiction

Under the general-jurisdiction theory, the Court has general jurisdiction if Defendant has "continuous and systematic" contacts with Arkansas as to render it essentially at home in Arkansas, even if the injuries at issue in this lawsuit did not arise out of Defendant's activities directed at Arkansas. *Goodyear*, 564 U.S. at 919.

Defendant argues that Plaintiff failed to allege any facts to support a conclusion that Defendant has any continuous or systematic connection with the State of Arkansas. Defendant points out that Plaintiff's complaint states that Defendant is a Texas corporation with a principal place of business in Texas, and that Defendant's operations are limited to three states—Texas, Mississippi, and Louisiana. In further support, Defendant offers the affidavit of Pamela Kaithakottil, its assistant general counsel, who states that Defendant has never conducted any operations or business in Arkansas and has no place of business, mailing address, bank accounts, personal property, or real property in Arkansas. After Defendant challenged the exercise of personal jurisdiction, Plaintiff failed to establish a *prima facie* case and rebut Defendant's assertions with testimony, affidavits, or other documents.

The Court agrees with Defendant that the Court has no power to exercise general personal jurisdiction over Defendant. Defendant is a Texas corporation with a principal place of business in Texas. Defendant does business in three states, none of which include Arkansas. Plaintiff's complaint concedes as much, and Plaintiff offers no evidence to demonstrate that Defendant has any presence in or contacts with Arkansas.[2]

Accordingly, the Court finds that, even when viewing the facts in the light most favorable to Plaintiff, Plaintiff has failed to make a *prima facie* showing that Defendant had "continuous

---

[2] As far as the Court can tell, the only connection this case has with Arkansas is that Plaintiff is an Arkansas resident. Plaintiff does not state whether his mother was also an Arkansas resident.

and systematic" contacts with Arkansas to make it essentially "at home" in the state. *Id.* Therefore, the Court cannot exercise general personal jurisdiction over Defendant.

### 2. Specific Jurisdiction

Specific jurisdiction is available if Defendant has purposely directed its activities at residents of the forum state, and when the litigation results from alleged injuries that arise out of or relate to those activities. *Nat'l Med. Waste, Inc.*, 65 F.3d at 1432. As discussed above, courts are to consider five factors in determining whether specific jurisdiction exists: (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Dever*, 380 F.3d at 1073-74.

However, the Court need not belabor a factor-by-factor analysis here, because "[s]pecific jurisdiction can only be found if the controversy is related to or arises out of the defendant's contacts with the forum state." *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006). As discussed in the previous section, Plaintiff's complaint and Defendant's affidavit appear to agree that Defendant has no contacts with or presence in Arkansas, and Plaintiff has offered no evidence demonstrating otherwise. The Property in question is located in Louisiana. Plaintiff has only demonstrated that he is an Arkansas resident.

Accordingly, because Plaintiff has not shown that Defendant has any contacts with Arkansas, it logically follows that Plaintiff has not shown that injuries have arisen out of or related to activities which Defendant purposefully directed at Arkansas residents. *See id.* Therefore, the Court cannot exercise specific personal jurisdiction over Defendant.

### 3. Conclusion

For the reasons discussed above, the Court finds that Plaintiff has not established a *prima facie* case that the Court can assert personal jurisdiction over Defendant. Therefore, the Court finds that Defendant's 12(b)(2) motion to dismiss should be granted.

### B. Failure to State a Claim

Defendant argues in the alternative that the Court should dismiss Plaintiff's case pursuant to Rule 12(b)(6) because Plaintiff failed to state a claim upon which relief can be granted. In light of the Court's above findings that Plaintiff's case is appropriately dismissed pursuant to Rule 12(b)(2), the Court finds it unnecessary to address Defendant's Rule 12(b)(6) argument.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim (ECF No. 11) should be and hereby is **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of May, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge